## WOOSTER v. NIVEN CO.

(Supreme Court, Appellate Term, First Department.    November 8, 1912.)

TRIAL (§ 252*)—INSTRUCTIONS—APPLICABILITY TO EVIDENCE—CONTRACTS.

In an action for damages for breach of a contract of employment of plaintiff to act as a foreman cutter "in-a good and workmanlike manner, satisfactory" to defendant, an instruction to find for plaintiff, if defendant's claim of dissatisfaction was not made in good faith, was erroneous, where there was no evidence that the claim of dissatisfaction was not made in good faith.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec Dig. § 252.*]

Appeal from City Court of New York, Trial Term.

Action by Albert Wooster against the Niven Company. From a judgment of the City Court, entered upon the verdict of the jury in favor of plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed, and new trial ordered

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Lloyd & Maddox, of New York City (William S. Maddox, of New York City, of counsel), for appellant.

Joseph S. Rosalsky, of New York City (Jacob I. Berman, of New York City, of counsel), for respondent.

SEABURY, J.    This action was brought to recover damages for the alleged breach of a contract of employment.    The contract of employment disclosed that the plaintiff agreed to perform his duties as a foreman cutter "in a good and workmanlike manner, satisfactory" to the defendant.    The learned court below submitted to the jury the issue as to whether the defendant was, in fact, dissatisfied with the plaintiff's services, and discharged him on that account, or whether the claim of dissatisfaction was only a pretense.

We are not prepared to say that, under certain circumstances, such a charge would not be a correct instruction to the jury; but it is clear that the record now before us contains no evidence to show that the claim of dissatisfaction was not made in good faith. In the absence of such evidence, we think that the court erred in charging the jury that, if the claim of dissatisfaction was not made in good faith, the jury should find a verdict for the plaintiff.    The jury could not, in the absence of any evidence on the subject, arbitrarily infer that the defendant, in discharging the plaintiff, acted in bad faith.    Yet this is precisely what the jury have attempted to do in this case.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event.    All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes